

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,775-03

### EX PARTE WILLIAM SOLOMON LEWIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1219699-A IN THE 338TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined. YEARY, J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of retaliation and sentenced to three years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Lewis v. State*, No. 14-10-00222-CR (Tex. App.—Houston [14th Dist.] Jun. 28, 2011) (not designated for publication).

Applicant contends, among other things, that his trial counsel rendered ineffective assistance because he did not discover and present evidence that Applicant's threats, made after he was tasered,

embraced only legal activities, such as pursuing lawsuits, internal investigations, and media attention. He also argues that counsel should have discovered information about the complainant that could have been used to impeach his testimony.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make additional findings addressing Applicant's claim that this conviction restrains him because it has been used to enhance his current federal sentence. TEX. CODE CRIM. PROC. art. 11.07 § 3(c). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish